UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK EDWARDS,

     Plaintiff,

v.                                 Case No: 8:14-cv-1326-T-36MAP

PILATUS AIRCRAFT, LTD., PILATUS
BUSINESS AIRCRAFT, LTD.,
HONEYWELL INTERNATIONAL INC.,
ROSEMOUNT AEOROSPACE, INC.,
LEACH INTERNATIONAL, DRI
RELAYS, INC., GLENAIR, INC. and EPPS
AIR SERVICE, INC.,

     Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the following motions and submissions of the

parties:

1.    Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Leach

International ("Leach") (Doc. 67); Plaintiff's Response in Opposition to Defendant

Leach International Incorporated's Motion to Dismiss (Doc. 73); and Reply in

Further Support of Motion to Dismiss for Lack of Personal Jurisdiction filed by

Leach (Doc. 84);

2.    Motions to Dismiss for Lack of Personal Jurisdiction filed by Defendants Pilatus

Aircraft, Ltd. and Pilatus Business Aircraft, Ltd. (collectively, "Pilatus") (Docs. 90,

91); Plaintiff's Response in Opposition to Defendants Pilatus' and PilBal's Motions

to Dismiss (Doc. 107); and Reply in Support of Motions to Dismiss filed by Pilatus

(Doc. 125);

3. Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant DRI Relays, Inc. ("DRI") (Doc. 116); and Plaintiff's Response in Opposition to DRI Relay's Motion to Dismiss (Doc. 137);

4. Plaintiff's Alternative Motion to Sever and Transfer Venue (Doc. 109); Response to Plaintiff's Alternative Motion to Sever and Transfer Venue to Colorado filed by Defendant Epps Air Service, Inc. ("Epps") (Doc. 123); Opposition to Plaintiff's Alternative Motion to Sever and Transfer Venue filed by Pilatus (Doc. 126); Notice of Joinder in and Adoption of the Pilatus Defendants' Opposition to Plaintiff's Alternative Motion to Sever and Transfer Venue filed by Defendant Glenair, Inc. ("Glenair") (Doc. 128); and Notice of Joinder and Adoption of Pilatus Defendants' Opposition to Plaintiff's Alternative Motion to Sever and Transfer Venue filed by DRI (Doc. 131);

5. Plaintiff's Second Alternative Motion to Sever and Transfer Venue (Doc. 119); Response to Plaintiff's Second Alternative Motion to Sever and Transfer Venue filed by Epps (Doc. 124); Response in Opposition to Plaintiff's Alternative Motion to Sever and Transfer Venue and to Plaintiff's Second Alternative Motion to Sever and Transfer Venue filed by Defendant Rosemount Aerospace, Inc. ("Rosemount") (Doc. 132); Response to Plaintiff's Alternative Motions to Sever and Transfer Venue filed by Defendant Honeywell International Inc. ("Honeywell") (Doc. 133); Response in Opposition to Alternative Motion to Transfer to Delaware filed by Leach (Doc. 135); and Response in Opposition to Plaintiff's Second Alternative Motion to Sever and Transfer Venue filed by DRI (Doc. 138); and

6.     Plaintiff's Notice to the Court and Defendants in Advance of Oral Argument (Doc. 134).

On February 12, 2015, the Court held a hearing and oral argument to clarify the parties' positions on these various motions and submissions. *See* Doc. 139. During the hearing, several defendants orally consented to transfer, and the Court issued oral rulings accepting their consents to transfer. As to the parties who did not consent to transfer at the hearing, the Court directed them to advise the Court of their positions within 10 days. *See* Doc. 140. Those parties have since done so. *See* Docs. 143, 144, 145. The Court will herein memorialize the oral rulings it issued at the hearing and address any outstanding issues.

## I.    DISCUSSION

This litigation arises over a fatal airplane crash. *See* Doc. 1 ¶ 1. Plaintiff alleges that each of the defendants played various roles in the manufacture, marketing, and sale of the components of the ill-fated plane. *See id.* ¶¶ 6-15. Plaintiff filed the case in this district, the Middle District of Florida.

Shortly after the case was filed, several defendants filed motions to dismiss, arguing that they are not subject to personal jurisdiction in Florida. A flood of responses, oppositions, and alternative motions followed. Needless to say, the situation quickly developed into a tangled morass, with many of the parties taking various stances, including stances contingent on this Court's resolution of certain other parties' stances. Fortunately, the Court need not go into great and excruciating detail regarding the myriad of possibilities that might have been, because the following concessions and agreements were made at the hearing:

1.     Plaintiff no longer opposed any arguments that Leach, Pilatus, and DRI are not subject to personal jurisdiction in Florida. *See also* docket entry 134;

3

2.    Pilatus consented to the severance and transfer of the claims asserted against it to

the United States District Court for the District of Colorado;

3.    Honeywell consented to the severance and transfer of the claims asserted against it

to the United States District Court for the District of Colorado;

4.    Rosemount consented to the severance and transfer of the claims asserted against it

to the United States District Court for the District of Colorado; and

5.    Epps consented to the severance and transfer of the claims asserted against it to the

United States District Court for the District of Colorado.

Accordingly, at the hearing, the Court issued oral rulings accepting the consents to sever

and transfer the claims asserted against Pilatus, Honeywell, Rosemount, and Epps to the United

States District Court for the District of Colorado.  In light of these rulings, the Court also directed

the three defendants that were unable to consent to transfer during the hearing—namely, Glenair,

Leach, and DRI—to advise the Court of their positions within 10 days.

Those three parties have now responded as follows:  Glenair consents to severance and

transfer of the claims asserted against it to the United States District Court for the District of

Colorado (Doc. 144); and Leach and DRI acknowledge that although they are subject to personal

jurisdiction in Delaware, they remain unwilling to consent to transfer to the United States District

Court for the District of Colorado or the District of Delaware (Docs. 143, 145).

In accordance with Glenair's notice of consent, the Court will sever and transfer the claims

asserted against Glenair to the United States District Court for the District of Colorado.  Therefore,

the only issue that remains before this Court is whether Leach and DRI ought to be dismissed from

this case due to the now-uncontested lack of personal jurisdiction in Florida, or, instead, whether

the claims against Leach and DRI ought to be severed and transferred to the United States District

Court for the District of Delaware, pursuant to an applicable transfer statute.

Having reviewed the parties' submissions on this issue, and given the significant change

in postures immediately preceding and following the hearing, the Court finds that additional

briefing would be helpful. Specifically, the Court directs Plaintiff to address the following issues,

which have not been addressed or have been addressed only in a perfunctory or otherwise unclear

manner (perhaps due to the nebulous state of affairs prior to the hearing):

1. Whether Plaintiff has satisfied the requirements for transfer under 28 U.S.C. § 1404(a), including an analysis of the factors listed in *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005);

2. Whether Plaintiff has satisfied the requirements for transfer under 28 U.S.C. § 1406(a), including whether this provision may be invoked only if venue is first found to be improper;

3. Whether Plaintiff has satisfied the requirements for transfer under 28 U.S.C. § 1631, including whether Plaintiff originally filed his Complaint in this district for "very understandable reasons" under the Eleventh Circuit's interpretation of that phrase, *see Mokarram v. U.S. Att'y Gen.*, 316 Fed. App'x 949, 952 (11th Cir. 2009);

4. Whether the Court must consider the merits of the claims asserted against Leach in deciding whether to sever and transfer those claims under any of the transfer statutes; and if so, how a website that contains otherwise identical catalogs in both English and French supports an inference that Leach is the same entity as Leach International Europe, and whether there is any other evidence that purports to

5

contradict, either directly or indirectly, Leach's sworn testimony that Leach did not have any involvement with the relays on the aircraft; and

5. Whether discovery would be necessary to resolve the ultimate issue of dismissal or transfer as to either party, and if so, specifically what discovery would be necessary.

Accordingly, it is hereby **ORDERED**:

1. The Motions to Dismiss for Lack of Personal Jurisdiction, filed by Pilatus (Docs. 90, 91), are **GRANTED, in part**;

2. Plaintiff's Alternative Motion to Sever and Transfer Venue (Doc. 109) is **GRANTED**; and

3. Plaintiff's claims against the following defendants are hereby **severed** from this action: Pilatus Aircraft, Ltd., Pilatus Business Aircraft, Ltd., Honeywell International Inc., Rosemount Aerospace, Inc., Epps Air Service, Inc., and Glenair, Inc.

4. The Clerk is **directed** to transfer the claims asserted against the following defendants, only, to the United States District Court for the District of Colorado for all further proceedings:

    a. Pilatus Aircraft, Ltd.;

    b. Pilatus Business Aircraft; Ltd.;

    c. Honeywell International Inc.;

    d. Rosemount Aerospace, Inc.;

    e. Epps Air Service, Inc.; and

    f. Glenair, Inc.

5.    Plaintiff is **directed** to submit additional, concise briefing not to exceed twenty (20) pages addressing the issues raised in this Order, within **fourteen (14) days** from the date of this Order.

6.    The Court will defer ruling as to the Motion to Dismiss for Lack of Personal Jurisdiction filed by Leach (Doc. 67); the Motion to Dismiss for Lack of Personal Jurisdiction filed by DRI (Doc. 116); and Plaintiff's Second Alternative Motion to Sever and Transfer Venue (Doc. 119).

**DONE AND ORDERED** in Tampa, Florida on March 13, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

7