# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## Civil Action No. 15-cv-00567-MJW

MARK EDWARDS, as Personal Representative
of the ESTATES of RONALD BRAMLAGE,
deceased, et al.,

      Plaintiff,

v.

PILATUS AIRCRAFT LTD., a Swiss Corporation;
PILATUS BUSINESS AIRCRAFT, LTD., a Colorado
Corporation; HONEYWELL INTERNATIONAL,
INC., a Delaware Corporation; ROSEMOUNT
AEROSPACE, INC., a Delaware Corporation;
GLENAIR, INC., a California Corporation; and
EPPS AIR SERVICE, INC., a Georgia Corporation.

      Defendants.

---

## THE PILATUS DEFENDANTS' ANSWER AND DEFENSES TO THE COMPLAINT

---

Defendants, Pilatus Aircraft Ltd. ("Pilatus") and Pilatus Business Aircraft, Ltd. ("PilBAL") (collectively, the "Pilatus Defendants"), file this, their Answer and Defenses to Plaintiff's Complaint [DE 3],[1] and state:

### Jurisdictional Allegations

1.    Admitted.

2.    The Pilatus Defendants admit that this Court has subject matter jurisdiction by reason of the amount of damages sought by the Plaintiff, but deny that the Plaintiff is entitled to any damages against either or both of the Pilatus Defendants.

---

[1] Unless otherwise noted, the docket-entry cites are to the docket as it appears in this Court (rather than the transferor U.S. District Court for the Middle District of Florida).

3.      Denied.

4.      The allegations in paragraph 4 call for a legal conclusion to which no response is required, pursuant to a Florida statute which does not apply.  To the extent that the allegations in paragraph 4 are deemed to require a response by the Pilatus Defendants, they are denied.

5.      The Pilatus Defendants admit that Plaintiff is, and Plaintiff's decedents were, residents of the State of Kansas.  As to the remainder of the allegations contained in paragraph 5, the Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny them.

6.      The allegations in paragraph 6 of the Complaint are directed toward personal jurisdiction over Pilatus in Florida, and are therefore mooted by the dismissal as to Pilatus in Florida and the transfer of the claims against Pilatus to this Court.  However, to the extent that the Pilatus Defendants may be required to respond, they deny the allegations in paragraph 6, except admit that:  Pilatus is a Swiss company, located in Stans, Switzerland; that Pilatus designs and manufactures aircraft; that Pilatus applied for and obtained FAA certification for the PC-12 aircraft; that PilBAL, located in Broomfield, Colorado, is a wholly owned subsidiary of Pilatus; and that Pilatus and PilBAL are separate and distinct legal entities.  The Pilatus Defendants specifically deny any systematic or significant contacts by either of them with Florida and, as set forth in their Motions to Dismiss for Lack of Personal [DE 90 and 91 (M.D. Fla.)], and associated reply memorandum [DE 125 (M.D. Fla.)], filed in the U.S. District Court for the Middle District of Florida while this action was pending there, which the Court granted [DE 1], the Pilatus Defendants specifically deny they are subject to personal jurisdiction in Florida, and otherwise deny the remaining allegations in paragraph 6.

7.     The allegations in paragraph 7 of the Complaint are directed toward personal jurisdiction over PilBAL in Florida, and are therefore mooted by the dismissal as to PilBAL in Florida and the transfer of the claims against PilBAL to this Court.  However, to the extent that the Pilatus Defendants may be required to respond, they deny the allegations in paragraph 7, except admit that:   PilBAL is a corporation organized and existing under the laws of the State of Colorado, located in Broomfield, Colorado; that PilBAL markets and sells (and completes) PC-12 aircraft in the Western Hemisphere; that PilBAL is a wholly owned subsidiary of Pilatus; and that Pilatus and PilBAL are separate and distinct legal entities.   The Pilatus Defendants specifically deny any systematic or significant contacts with Florida and, as set forth in their Motions to Dismiss for Lack of Personal [DEs 90 and 91 (M.D. Fla.)], and associated reply memorandum [DE 125 (M.D. Fla.)], filed in the U.S. District Court for the Middle District of Florida while this action was pending there, which the Court granted [DE 1], the Pilatus Defendants deny they are subject to personal jurisdiction in Florida, and otherwise deny the remaining allegations in paragraph 7.

8.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny them.

9.     Pratt & Whitney is not a defendant in this action, and no response to this allegation should be required.   However, to the extent that the Pilatus Defendants may be required to respond, they deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore deny them.

10.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny them.

11.     Leach International Corporation is not a defendant in this action, and no response to this allegation should be required.  However, to the extent that the Pilatus Defendants may be required to respond, they deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny them.

12.     DRI Relays, Inc. is not a defendant in this action, and no response to this allegation should be required.  However, to the extent that the Pilatus Defendants may be required to respond, they deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny them.

13.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them.

14.     Martin Aviation, Inc. is not a defendant in this action, and no response to this allegation should be required.  However, to the extent that the Pilatus Defendants may be required to respond, they deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny them.

15.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore deny them.

16.     Denied.

17.     The allegations in paragraph 17 call for a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 17 are deemed to require a response by the Pilatus Defendants, they are denied.

**General Allegations**[2]

18.    Admitted.

19.    Admitted, except the Pilatus Defendants deny that the Pilatus PC-12/47 was manufactured in part by PilBAL.

20.    Denied, except the Pilatus Defendants admit that the subject aircraft was equipped with a PT6A-67B engine bearing serial number PR0604.

21.    Denied (including all subparagraphs), except the Pilatus Defendants admit that the aircraft is manufactured with an electronic flight management system that includes an electronic flight instrumentation system and an autopilot system.

22.    Denied.

23.    Denied.  The Pilatus Defendants respectfully refer to the FAA type certificate and the application therefor for their terms.

24.    Denied, except the Pilatus Defendants admit that the subject aircraft was manufactured with a stick-pusher/shaker system and respectfully refer to the applicable manuals for the details of its components and operation.

25.    Denied.  The Pilatus Defendants respectfully refer to the applicable manuals for the details of the stick-pusher/shaker system's components and operation.

26.    Denied.  The Pilatus Defendants further state that all references to and allegations concerning other PC-12 accidents should be stricken.

27.    Denied, except the Pilatus Defendants admit that all applicable notices were complied with, and respectfully refer to the referenced FAA-issued documents for their terms.

---

[2] Numerous subheadings in the complaint are not substantive allegations and are therefore excluded.

28.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, including subparagraphs a through e, and therefore deny them.

29.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, including subparagraphs a through e, and therefore deny them.

30.     The Pilatus Defendants deny the allegations in paragraph 30.

31.     Admitted.

32.     Denied, except the Pilatus Defendants admit the June 7, 2012, trip from Fort Pierce was to be conducted under Instrument Flight Rules (IFR).

33.     The Pilatus Defendants deny that Ronald Bramlage received extensive professional training in the accident aircraft, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore deny them.

34.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny them and respectfully refer to the NTSB records for their content.

35.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny them and respectfully refer to the NTSB records for their content.

36.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore deny them and respectfully refer to the NTSB records for their content.

37.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore deny them and respectfully refer to the NTSB records for their content.

38.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore deny them and respectfully refer to the NTSB records for their content.

39.     Denied.

40.     Denied, except the Pilatus Defendants admit the aircraft's Central Advisory and Warning System ("CAWS") recorded certain data that was extracted from the CAWS computer during the NTSB accident investigation, and respectfully refer thereto for the details.

41.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore deny them.

42.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore deny them.

43.     Admitted.

44.     Denied (including all subparagraphs, a through k).

45.     Denied.

46.     Denied.

47.     Denied.

48.     The allegations in paragraph 48 call for a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 48 are deemed to require a response by the Pilatus Defendants, they are denied (including all subparagraphs, a through f).  The Pilatus Defendants further deny that the Florida Wrongful Death Act applies.

## Count I – Alleged Negligence of Pilatus and PilBAL

The Pilatus Defendants re-allege and incorporate their foregoing answers to paragraphs 1-48 as though fully set forth herein.

49.     Denied.

50.     Denied.

51.     The allegations in paragraph 51 call for a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 51 are deemed to require a response by the Pilatus Defendants, they are denied.

52.     Denied (including all subparagraphs, a through j).

53.     Denied.

54.     Denied.

55.     The allegations in paragraph 55 call for a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 55 are deemed to require a response by the Pilatus Defendants, they are denied.

56.     Denied.

## Count II – Alleged Strict Liability of Pilatus and PilBAL

The Pilatus Defendants re-allege and incorporate their foregoing answers to paragraphs 1-48 and 50 as though fully set forth herein.

57.     Denied, except the Pilatus Defendants admit, on information and belief, that the subject aircraft was sold by a PilBAL dealer to the first retail purchaser as a new aircraft.

58.     Denied.

59.     The Pilatus Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore deny them.

60.    Denied.

61.    Denied.

62.    Denied.

## Count III – Alleged Negligence of Honeywell

63-66. The allegations of paragraphs 63-66 are not directed to the Pilatus Defendants but solely to defendant Honeywell, and therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

## Count IV – Alleged Strict Liability of Honeywell

67-70. The allegations of paragraphs 67-70 are not directed to the Pilatus Defendants but solely to defendant Honeywell, and therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

## Count V – Alleged Negligence of Pratt & Whitney Canada

71-74. The allegations of paragraphs 71-74 are not directed to the Pilatus Defendants but solely to Pratt & Whitney Canada, which was dismissed from this action while pending in Florida, and which is not a party here.  Therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations

incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

### Count VI – Alleged Strict Liability of Pratt & Whitney Canada

75-78.  The allegations of paragraphs 75-78 are not directed to the Pilatus Defendants but solely to Pratt & Whitney Canada, which was dismissed from this action while pending in Florida, and which is not a party here.  Therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

### Count VII – Alleged Negligence of Goodrich

79-82.  The allegations of paragraphs 79-82 are not directed to the Pilatus Defendants but solely to defendant Rosemount Aerospace (d/b/a Goodrich Sensor Systems).  Therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

### Count VIII – Alleged Strict Liability of Goodrich

83-86.  The allegations of paragraphs 83-86 are not directed to the Pilatus Defendants but solely to defendant Rosemount Aerospace (d/b/a Goodrich Sensor Systems).  Therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus

Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

## Count IX – Alleged Negligence of Martin & Epps

87-90.  The allegations of paragraphs 87-90 are not directed to the Pilatus Defendants but solely to Martin, which was dismissed from this action while pending in Florida, and which is not a party here, and to defendant Epps, and therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

## Count X – Alleged Strict Liability of Martin & Epps

91-95.  The allegations of paragraphs 91-95 are not directed to the Pilatus Defendants but solely to Martin, which was dismissed from this action while pending in Florida, and which is not a party here, and to defendant Epps, and therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

## Count XI – Alleged Negligence of Glenair, Leach & DRI

96-98.  The allegations of paragraphs 96-98 are not directed to the Pilatus Defendants but solely to defendant Glenair, and to non-parties Leach International and DRI Relays, Inc. the claims against which were severed and transferred to the District of Delaware.  Therefore no

response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

### Count XII – Alleged Strict Liability of Glenair, Leach & DRI

99-102. The allegations of paragraphs 99-102 are not directed to the Pilatus Defendants but solely to defendant Glenair, and to non-parties Leach International and DRI Relays, Inc. the claims against which were severed and transferred to the District of Delaware.  Therefore no response is required on behalf of the Pilatus Defendants.  To the extent, however, that any of the allegations contained in said paragraphs are deemed to require a response by the Pilatus Defendants, then, to the extent that such allegations incorporate those to which the Pilatus Defendants have already responded, their prior responses are incorporated herein; all remaining allegations are denied.

### AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, and without assuming any burden they would not otherwise bear, the Pilatus Defendants raise and preserve the following defenses.

### FIRST DEFENSE

Plaintiff's complaint fails, in whole or in part, to state a claim against the Pilatus Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff and the decedents' alleged beneficiaries may lack capacity and/or standing to bring this action against the Pilatus Defendants.

## THIRD DEFENSE

Joinder of the defendants in this action may be improper.

## FOURTH DEFENSE

Plaintiff's complaint should be dismissed because he has failed to join necessary and indispensable parties.

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of repose, including, but not limited to, the statutes of repose provided by the federal General Aviation Revitalization Act and/or Kansas Statutes Annotated ("K.S.A.") §§ 60-3303, 60-513(b).

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, and/or preempted by federal law, including, but not limited to, the Federal Aviation Administration Authorization Act, the Federal Aviation Act, Federal Aviation Regulations, and additional rules and regulations of the Federal Aviation Administration.

## EIGHTH DEFENSE

Plaintiff's claims may be barred or limited, in whole or in part, by the Kansas Wrongful Death Statute, K.S.A. § 60-1901, *et seq*.

## NINTH DEFENSE

Plaintiff's damages and/or the damages of the decedents' alleged beneficiaries, if any, were proximately caused by the acts or omissions of other persons or entities for which the Pilatus Defendants are not liable or responsible, including but not limited to, the pilot/operator of

the flight, Ron Bramlage, and said acts or omissions were the sole proximate cause of Plaintiff's damages, if any.

## TENTH DEFENSE

Plaintiff's damages and/or the damages of the decedents' alleged beneficiaries, if any, were proximately caused by the acts or omissions of other persons or entities for which the Pilatus Defendants are not liable or responsible.  In the event that the Pilatus Defendants are found liable to Plaintiff, which is expressly denied, the Pilatus Defendants may be entitled to indemnification, contribution, or apportionment of liability and fault pursuant to applicable law, and they reserve the right to seek such relief.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the applicable laws governing comparative negligence/fault, contributory negligence/fault, assumption of the risk, and/or several liability due to the acts or omissions of the pilot/operator of the subject aircraft, Ron Bramlage, and/or other persons or entities for which the Pilatus Defendants are not liable or responsible.

## TWELFTH DEFENSE

The Pilatus Defendants had no express or implied relationship with the Plaintiff and owed no duty specific to Plaintiff for any claim of emotional distress or mental anguish.

## THIRTEENTH DEFENSE

The subject accident and Plaintiff's alleged damages and/or the damages of the decedents' alleged beneficiaries, if any, were caused by the decedents' own negligence/fault or the negligence/fault of third persons whose negligence/fault is attributable to the decedents and exceeds any negligence/fault of the Pilatus Defendants, and thus, bars or diminishes Plaintiff's right to recover under K.S.A. § 60-258a.

### FOURTEENTH DEFENSE

The subject accident and Plaintiff's alleged damages and/or the damages of the decedents' alleged beneficiaries, if any, were caused and brought about by unforeseeable, intervening and superseded causes other than the acts or omissions of the Pilatus Defendants or any other person over whom the Pilatus Defendants had supervision or control at any relevant time, and therefore, Plaintiff's claims against the Pilatus Defendants are barred.

### FIFTEENTH DEFENSE

The subject accident and Plaintiff's alleged damages and/or the damages of the decedents' alleged beneficiaries, if any, were directly and proximately caused by the unforeseeable misuse of the aircraft, its components, or systems, which bars recovery.

### SIXTEENTH DEFENSE

The subject accident and Plaintiff's alleged damages and/or the damages of the decedents' alleged beneficiaries, if any, may have been directly and proximately cause by an unavoidable accident or act of God for which the Pilatus Defendants are not liable.

### SEVENTEENTH DEFENSE

Plaintiff's damages and/or the damages of the decedents' alleged beneficiaries, if any, may be barred and/or limited under applicable law, including, but not limited to, the damage limits and/or caps applicable under K.S.A. §§ 60-1903, 60-1904, and/or 60-19a02, and/or such other limitations as may apply under applicable wrongful death and survival statutes.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the designs of the aircraft and all of its pertinent components and systems were consistent with or exceeded the "state of the art" at the time of their design, testing, manufacture, marketing and sale.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because adequate warnings were provided to Plaintiff's decedent, Ronald Bramlage, and/or other intermediaries or third parties regarding the risks and dangers associated with operation and/or use of the subject aircraft and all pertinent component parts or systems. Any duty of the Pilatus Defendants to warn Plaintiff's decedent, Ron Bramlage, of the risks and dangers associated with such operation and/or use of the subject aircraft and all pertinent component parts or systems, if any such duty exists, was satisfied through the information and warnings available to Ron Bramlage and/or other intermediaries or third parties.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the learned-intermediary, knowledgeable-user, and/or sophisticated-user doctrines. At all relevant times, other persons or entities were in the position of learned intermediaries, fully knowledgeable and informed regarding the risks and benefits of the use, operation, and/or capabilities of the subject aircraft. Further, Plaintiff's decedent, Ron Bramlage, was a knowledgeable and/or sophisticated end user of the subject aircraft, possessing the requisite knowledge, vocation, and/or expertise concerning the subject aircraft and its associated capabilities and risks, and accordingly, need not have been warned of those risks.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by K.S.A. § 60-3305 because the Pilatus Defendants fulfilled their duty to warn regarding Plaintiff's decedent, Ron Bramlage, and the subject aircraft.

## TWENTY-SECOND DEFENSE

If Plaintiff's decedents were damaged by products originally designed, prepared, tested or sold by the Pilatus Defendants, which the Pilatus Defendants expressly deny, those products were subsequently altered, modified, damaged, overhauled or misused by persons and/or entities other than the Pilatus Defendants, and over whom the Pilatus Defendants had no control or right of control, and such change, alteration, modification, damage, or misuse proximately caused and contributed to this accident and the resulting damages complained of, if any.

## TWENTY-THIRD DEFENSE

The benefits and utility of the designs of the subject aircraft and each of its components and systems outweigh the associated risks, if any, and the aircraft and all of its components and systems performed as any reasonable pilot would have expected under the given circumstances.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by K.S.A. § 60-3304 because the subject aircraft and its pertinent components and systems were in compliance with all applicable codes, standards, and regulations of the United States and agencies thereof.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are preempted by federal law, and the aircraft and aircraft components at issue were certified as safe and airworthy by the Federal Aviation Administration.

## TWENTY-SIXTH DEFENSE

Plaintiff's damages and/or the damages of the decedents' alleged beneficiaries, if any, may be barred and/or limited under applicable law, including, without limitation, due to Plaintiff's failure to mitigate the claimed damages of Plaintiff and the decedents' alleged beneficiaries.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims may be barred in whole or in part by *res judicata*, collateral estoppel, laches, and/or waiver.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims and available damages may be barred by virtue of settlements with respect to Plaintiff, Plaintiff's decedents, and/or Plaintiff's decedents' estates/alleged beneficiaries.

## TWENTY-NINTH DEFENSE

Some or all of Plaintiff's claims may be barred, in whole or in part, because he and/or the decedent's alleged beneficiaries may have already received full satisfaction and/or compensation for the claimed injuries and damages, if any, and Plaintiff's claims may be barred by the release of claims and/or accord and satisfaction with any such person or entity.

## THIRTIETH DEFENSE

An award or judgment rendered in Plaintiff's favor must be reduced by the amount of benefits Plaintiff and/or the decedents' alleged beneficiaries received, or are entitled to receive, from any source as a result of the death of their decedents.

## THIRTY-FIRST DEFENSE

While denying that Plaintiff and the decedents' alleged beneficiaries are entitled to any relief whatsoever, if the Pilatus Defendants are required to pay a monetary award in this action, they claim a set-off against any recovery received by Plaintiff and/or the decedents' alleged beneficiaries for their alleged injuries or damages, including, but not limited to, any insurance proceeds.

## THIRTY-SECOND DEFENSE

To the extent that the laws of any other jurisdiction(s) – foreign or domestic – apply, the Pilatus Defendants invoke each and every constitutional, common-law, statutory, or code-based defense available to them under the law of any U.S. constituent state, district, possession, or territory, as well as any applicable foreign law.  These laws specifically include, but are not limited to, those addressing due process, access to courts, statutes of limitation and/or repose, and limits imposed on compensatory, non-economic, and punitive damages.  If the Court later determines that any law other than federal law and Kansas law applies to this action, the Pilatus Defendants hereby reserve the right to plead further defenses under the laws of any U.S. state, district, possession or territory, or foreign country, that are determined to govern this action, in whole or in part.

## THIRTY-THIRD DEFENSE

The Pilatus Defendants adopt and incorporate here by reference, as if set forth in its entirety, any defense asserted by any other defendant to this action, to the extent that such defense applies to the Pilatus Defendants.

## RESERVATION OF FURTHER DEFENSES

The Pilatus Defendants reserve the right to amend their answer to assert any and all additional defenses that are revealed through further investigation, discovery, and determination of applicable substantive law.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the Pilatus Defendants hereby demand a trial by jury, composed of the maximum number of jurors allowed by law, on all of the issues so triable in this action.

DATED May 22, 2015.

Respectfully submitted,

/s/ Bruce J. Berman

| | |
|---|---|
| Jason D. Melichar (Colo. Bar # 31114) | Bruce J. Berman  (Fla. Bar # 159280) |
| WILSON ELSER MOSKOWITZ | David L. Luck (Fla. Bar # 041379) |
| EDELMAN & DICKER LLP | CARLTON FIELDS JORDEN BURT, P.A. |
| 1225 17th Street, 27th Floor | 100 S.E. Second Street, Suite 4200 |
| Denver, CO  80202 | Miami, Florida 33131 |
| Tel.  (303) 572-5320 | Tel.  (305) 530-0050 ;  Fax:  (305) 530-0055 |
| Fax. (303) 596-2700 | E-mail:  bberman@CFJBlaw.com; |
| E-mail : jason.melichar@wilsonelser.com | E-mail:  dluck@CFJBlaw.com |

- and -

Jaret J. Fuente  (Fla. Bar # 0146773)
CARLTON FIELDS JORDEN BURT, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Tel.  (813) 223-7000 ; Fax:  (813) 229-4133
E-mail:  jfuente@CFJBlaw.com

*Counsel for Defendants Pilatus Aircraft Ltd. and Pilatus Business Aircraft, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Bruce J. Berman
Bruce J. Berman

100887085