IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00567-PAB-MJW

MARK EDWARDS, as Personal Representative of the
Estate of RONALD BRAMLAGE, deceased;
Estate of REBECCA BRAMLAGE, deceased;
Estate of BRANDON BRAMLAGE, deceased;
Estate of BOSTON BRAMLAGE, deceased;
Estate of BEAU BRAMLAGE, deceased; and
Estate of ROXANNE BRAMLAGE, deceased,

Plaintiff,

v.

PILATUS AIRCRAFT, LTD., a/k/a Pilatus Flugzeugweke Aktiengesellschaft, a Swiss Company doing business in the United States;
PILATUS BUSINESS AIRCRAFT, LTD., a Colorado Corporation;
HONEYWELL INTERNATIONAL, INC., individually and as Successor to AlliedSignal Aerospace, Inc. and Bendix/King, a Delaware Corporation;
ROSEMOUNT AEROSPACE, INC., d/b/a Goodrich Sensor Systems, a Delaware Corporation;
GLENAIR, INC., a California Corporation;
EPPS AIR SERVICE, INC., d/b/a Epps Aviation, Inc.

Defendants.

---

## CONFIDENTIALITY ORDER ( Docket No 51-1 )

---

This matter is before the Court on the Unopposed Joint Motion for Entry of Confidentiality Order filed by all of the present parties to this action. The parties seek entry of this Confidentiality Order to restrict the use of documents or other information, which relate to or contain "confidential information" that consists of the parties' trade secrets; customer lists or information; sensitive business or financial information; confidential research, development, or proprietary commercial information; cost, pricing, sales, or production data; confidential or

100282974.4

private personal information; or any other information that is entitled to protection from disclosure outside this litigation pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

The Court, being fully advised and having determined that good cause exists for the entry of this "Confidentiality Order," therefore **GRANTS** the parties' motion. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following procedures are to be employed in this action for the protection of the parties against disclosure or any improper use of confidential and proprietary information produced in discovery or filed with this Court.

1. Definition of "Confidential Information". "Confidential Information" is defined as follows: trade secrets; customer lists or information; sensitive business or financial information; confidential research, development or commercial information; cost, pricing, sales, or production data; confidential or private personal information; or any other information that a party is obligated to preserve as confidential. Confidential Information does not include information that has been disclosed in the public domain.

2. Application of Confidentiality Order. This Confidentiality Order governs the handling of all Confidential Information, including documents, testimony, and other information (and including all copies, excerpts, and summaries thereof) produced, given or filed during discovery and other proceedings in this action. The provisions of this Confidentiality Order shall apply to the parties to this action, and any other persons producing or disclosing Confidential Information in this action who agree or are ordered to be bound by this Confidentiality Order. The term "person" shall include both the named parties and third parties who have agreed or been ordered to be bound by this Confidentiality Order.

3. <u>Designation of Confidential Information</u>. Any party or person that produces or gives Confidential Information may designate information as Confidential Information if the attorney for the producing party or person in good faith determines that the information meets the definition stated in Paragraph 1. The parties acknowledge that this Confidentiality Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information that is entitled to being treated as confidential under applicable legal principles.

(a) <u>Designation of Documents</u>. Documents may be designated as Confidential Information by stamping "Confidential" on each page prior to production. Information that is designated "Confidential" shall be used solely for the purposes set forth in Paragraph 4 below and shall be disclosed to only those persons set forth in Paragraph 5 below.

(b) <u>Designation of Deposition Testimony</u>. Deposition testimony may be designated, in whole or in part, as Confidential Information by either (i) oral designation on the record during the course of the deposition, or (ii) in writing served upon counsel for all parties by noting the page and line numbers designated within twenty-one (21) days after the designating party receives a copy of the final deposition transcript. If deposition testimony is designated as Confidential Information, the court reporter shall note in the record the lines in the transcript that have been designated "Confidential" stamp the words "Confidential" on each page containing such designations. The cover page of a deposition transcript containing any designated portions shall also indicate that it contains portions of testimony subject to this Confidentiality Order. During the time period between the deposition testimony and the deadline to designate such

testimony as Confidential Information, the deposition testimony in its entirety shall be designated and treated as Confidential Information.

(c) <u>Inadvertent Failure to Designate</u>. The inadvertent failure to designate qualified information as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Confidentiality Order for such information. If material is appropriately designated as Confidential Information after the material was initially produced, the party receiving the information, upon timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Confidentiality Order. Where a party or third party changes the designation of confidentiality under this Confidentiality Order, that party or third party shall promptly furnish the information re-designated in accordance with this Paragraph 3.

Similarly, an inadvertent disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, or immunity does not, standing alone, waive the privilege or protection over that information. Federal Rule of Evidence 502 shall govern all limitations on waiver of attorney-client privilege and work product. The parties shall act in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) should a producing party assert that privileged or otherwise protected information has been inadvertently produced.

4. <u>Use of Confidential Information</u>. All Confidential Information that is produced in the course of discovery proceedings shall be used only for the purpose of preparing for and conducting the above captioned litigation, Case No. 15-cv-00567-PAB-MJW in the District of Colorado, arising from the crash of a Pilatus PC-12/47 (N950KA) (including any appeals) and

not for any business, other litigation or action, or any other purpose. Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except those specified below who have read and are bound by the terms of this Confidentiality Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this Paragraph 4. *Each person not a party or counsel of record (or an employee of counsel of record) to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this* Confidentiality Order *by signing a copy of the Confidentiality Agreement attached as Exhibit A.*

5. Persons to Whom Confidential Information May Be Disclosed.

(a) "Confidential" Information. Except as otherwise provided by this Confidentiality Order, information designated as "Confidential" shall be disclosed only to:

(i) outside counsel of record for the parties in this action, and other outside attorneys, clerical, paralegal and other staff employed by such counsel or parties, and any independent experts or independent consultants who are assisting in the prosecution or defense of this action;

(ii) in-house counsel for the defendants;

(iii) the officers, directors, or employees of the defendants;

(iv) the Court and court personnel (in the manner provided by Paragraphs 7 and 8 below);

(v) any other person as to whom the producing party agrees in writing;

(vi) witnesses at deposition or trial; and

(vii) court reporters and videographers employed in connection with this action.

(b) Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction,

but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Confidentiality Order by signing a copy of the Confidentiality Agreement attached as Exhibit A.

(c) <u>Exceptions</u>. This Confidentiality Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies. In addition, the restrictions on disclosure in this Confidentiality Order shall not apply to the party designating the material as Confidential Information; such party shall have the absolute right to make any disclosures of its own information as it chooses, except that if a party discloses Confidential Information to any non-party or entity not a part of this Confidentiality Order in a manner that is inconsistent with maintaining the confidentiality of the information, then the disclosing party must re-produce the disclosed documents with the confidentiality designation removed.

6. <u>Disclosure of Confidential Information to Experts or Consultants</u>. Each party represents and warrants that it will confirm before providing any "Confidential" information to any expert or consultant that the expert or consultant is independent from and has no conflict of interest with the opposing party. A conflict of interest shall arise if an expert or consultant has ever been engaged by a party as an employee or independent contractor for purposes other than this litigation.

7. <u>Filing of Confidential Information</u>. Any pleading or other paper filed or lodged with the Court that contains Confidential Information shall be filed in accordance with D.C.Colo.LCivR 7.2 (Public Access to Documents and Proceedings), and to the extent not inconsistent with D.C.Colo.LCivR 7.2, in a separate, sealed envelope or other appropriate sealed container. The cover of such sealed envelope or other container shall state the title of this action,

100282974.4

an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information, and is not to be opened or the contents revealed except by authorized Court personnel.

Any other party or interested member of the public may challenge the filing of a document under seal. If there is such a challenge, the party asserting confidentiality bears the burden of showing the propriety of the designation of confidentiality.

8. <u>Use of Confidential Information in Court</u>. Any Court hearing which refers to or describes information designated as "Confidential" shall in the Court's discretion be *in camera*.

9. <u>Portions of the Record to Remain Under ~~Seal~~ Restricted Access</u>. Any document or transcript designated as "Confidential" that is filed or lodged with the Court shall be ~~maintained under seal~~ Filed Consistent with D.C.COLO.LCivR 7.2 ~~by the Clerk and shall be made available only to the Court and to counsel for the parties, until further order of this Court.~~

10. <u>Duty of Good Faith</u>. Each party or non-party that designates information or items for protection under this Confidentiality Order must act in good faith to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the incorrect designation.

11. <u>Objections to Designation of Confidential Information</u>. Whenever a party objects to the treatment of material as Confidential Information, it shall inform the designating party in

100282974.4

writing of the party's objection and the basis for that objection. The parties shall meet and confer in good faith to attempt to resolve the dispute. If the parties are unable to resolve the dispute, the objecting party may apply to the Court by motion for a ruling that the document or transcript shall no longer be treated as "Confidential." Upon such an application, the party asserting confidentiality bears the burden to establish the same. Until the Court enters an order, if any, changing the designation of the document or transcript that is to be the subject of the application, the material shall continue to be afforded the "Confidential" treatment described in Paragraph 5 herein.

12. <u>Advance Notification of Potential Third Party Disclosures</u>. If any person receiving Confidential Information covered by this Confidentiality Order (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding to which (s)he or it is a party or is otherwise involved, or (c) is served with any other process by one not a party to this litigation, seeking material designated as Confidential Information by another party, the receiving party shall give written notice within three (3) business days of receipt of such subpoena, demand or process to the party that designated the material as Confidential Information. The receiving party shall not produce any of the Confidential Information for a period of at least ten (10) days, or within such lesser time period as ordered by a court, after providing the required notice to the designating party. If, within that period, the designating party gives notice to the receiving party that the designating party opposes production, the receiving party shall not thereafter produce such Confidential Information except pursuant to a court order requiring compliance with the subpoena, demand, or other process. The designating party shall be solely responsible for asserting any objection to the requested production.

13. <u>Unauthorized Disclosure of Confidential Information.</u> If a party receiving Confidential Information learns that, by inadvertence or otherwise, (s)he or it has disclosed that Confidential Information to any person or in any way not authorized under this Confidentiality Order, that party shall immediately: (a) notify the designating party in writing of the unauthorized disclosure; (b) use their best efforts to retrieve all copies of the disclosed Confidential Information; and (c) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Confidentiality Order.

14. <u>Disposition of Confidential Information at Conclusion of Litigation.</u> At the conclusion of the above-captioned litigation (*i.e.*, upon its final dismissal), all materials designated as "Confidential" and any copies thereof, shall either be destroyed or returned to the party or person furnishing the same. In addition, all copies of all summaries or other materials containing or disclosing information contained in "Confidential" materials shall be either destroyed or returned to the party or person furnishing the same. In the event that the "Confidential" materials should be destroyed rather than returned, the parties involved shall certify in writing to the designating party that destruction has occurred. This Confidentiality Order shall continue to be binding after the conclusion of the above-captioned litigation, except that, unless otherwise ordered by this Court, there shall be no restriction on documents or transcripts that become a part of the public record without breach of this Confidentiality Order.

15. <u>No Application to Evidentiary Issues.</u> This Confidentiality Order does not apply to the offer of or admission into evidence of Confidential Information at trial, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial.

100282974.4

16. <u>Modification of Confidentiality Order</u>. This Confidentiality Order remains subject to modification by the Court for good cause shown.

DATED this 22nd day of July, 2015.

BY THE COURT:

_____
**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00567-PAB-MJW

MARK EDWARDS, as Personal Representative of the
Estate of RONALD BRAMLAGE, deceased;
Estate of REBECCA BRAMLAGE, deceased;
Estate of BRANDON BRAMLAGE, deceased;
Estate of BOSTON BRAMLAGE, deceased;
Estate of BEAU BRAMLAGE, deceased; and
Estate of ROXANNE BRAMLAGE, deceased,

Plaintiff,

v.

PILATUS AIRCRAFT, LTD., a/k/a Pilatus Flugzeugweke Aktiengesellschaft, a Swiss Company doing business in the United States;
PILATUS BUSINESS AIRCRAFT, LTD., a Colorado Corporation;
HONEYWELL INTERNATIONAL, INC., individually and as Successor to AlliedSignal Aerospace, Inc. and Bendix/King, a Delaware Corporation;
ROSEMOUNT AEROSPACE, INC., d/b/a Goodrich Sensor Systems, a Delaware Corporation;
GLENAIR, INC., a California Corporation;
EPPS AIR SERVICE, INC., d/b/a Epps Aviation, Inc.

Defendants.

## CONFIDENTIALITY AGREEMENT

I am authorized by _____ [party name] to review Confidential Information as that term is used in the Confidentiality Order dated _____, 2015, and hereby request access to that Confidential Information for use in this litigation. I have been provided with a copy of the Confidentiality Order dated _____, 2015 in the above-captioned proceeding. I have read that Confidentiality Order and hereby agree to be bound by all of the

limitations regarding disclosure of Confidential Information contained in that Confidentiality Order. I understand that failure to comply with the terms of that Confidentiality Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

I consent to the United States District Court for the District of Colorado exercising jurisdiction over me for the purpose of enforcing that Confidentiality Order or for any contempt proceedings against me arising out of my failure to comply with the terms of that Confidentiality Order.

Dated: _____, 201\_.

                                                _____
                                                Signature of Person Requesting
                                                Access to Confidential Information

                                                _____
                                                Typed Name of Person Requesting
                                                Access to Confidential Information

100282974.4