IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00567-PAB-MJW

MARK EDWARDS, *as personal representative of the Estates of Ronald Bramlage, deceased; Rebecca Bramlage, deceased; Brandon Bramlage, deceased; Boston Bramlage, deceased; Beau Bramlage, deceased; and Roxanne Bramlage, deceased;*

Plaintiff,

v.

PILATUS AIRCRAFT, LTD.,
PILATUS BUSINESS AIRCRAFT, LTD.,
HONEYWELL INTERNATIONAL INC.,
ROSEMOUNT AEROSPACE, INC.,
EPPS AIR SERVICE, INC., and
GLENAIR, INC.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion to Compel and/or Permit Testing (Docket No. 68) is GRANTED IN PART and DENIED IN PART.  The motion is granted inasmuch as the testing, including the destructive testing, shall proceed as described in Plaintiff's Amended Notice of Examination & Testing (Docket No. 68-2).  The motion is denied only as to Plaintiff's request for sanctions under Rule 37(d)(3), because the Court finds that Delaware Defendant DRI's position is substantially justified and that an award of fees and costs would be unjust under the circumstances.

Delaware Defendant DRI's sole objection is a relevancy objection predicated on a disputed threshold question of fact.  Specifically, DRI contends that any evidence of electrical arcing or heat accumulation inside the relay casing would be irrelevant because such evidence would be expected in any event (*i.e.*, such evidence would be present even if the relays are non-defective).  This is a disputed question of fact, and DRI will need to prove it through competent evidence, on summary judgment or at trial. DRI's theory of relevance cannot be accepted until that happens.

DRI makes one brief argument that destructive testing will be prejudicial: noting, in a footnote, that DRI would be unable to show the functioning relays to a jury if the relays are destroyed.  This is unpersuasive; Plaintiff's protocol for examination and testing allows for photography and video of the relays before the casing is removed, and

presumably DRI will be able to make a compelling record of the current functional condition of the relays, to be produced at trial.

DRI makes no further argument as to prejudice, delay, cost, or other burden; neither does any other defendant. DRI's objections are overruled, and the destructive testing shall go forward as planned. The Court expects the protective measures outlined in Plaintiff's motion (Docket No. 68, p.7) and in the notice of testing (Docket No. 68-2) to be strictly followed.

Date: November 12, 2015