IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00567-PAB-MJW

MARK EDWARDS, as Personal Representative of the Estates of Ronald Bramlage, deceased, Rebecca Bramlage, deceased, Brandon Bramlage, deceased, Boston Bramlage, deceased, Beau Bramlage, deceased, and Roxanne Bramlage, deceased,

    Plaintiff,

v.

PILATUS AIRCRAFT, LTD., a/k/a Pilatus Flugzeugweke Aktiengesellschaft, a Swiss company doing business in the United States,
PILATUS BUSINESS AIRCRAFT, LTD., a Colorado corporation, and
HONEYWELL INTERNATIONAL INC., individually and as successor to AlliedSignal Aerospace, Inc., and Bendix/King, a Delaware corporation,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on Plaintiff's Motion to Coordinate [Docket No. 58]. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

Plaintiff asks the Court to issue an order coordinating discovery in this action with a related case in the District of Delaware.[1] Docket No. 58 at 1. Plaintiff filed a similar motion to coordinate discovery in the related District of Delaware case. *Edwards v. Leach International*, 2015 WL 7295440 (D. Del. Nov. 18, 2015). That motion was denied without prejudice on November 18, 2015. *Id*. at *3. There, the court found that "the issues raised by [p]laintiff's motion are best handled in the scheduling process" and

---

[1] 1:15-cv-00321-LPS (D. Del. 2015)

that the best way to address those issues was for the parties to meet and confer and to include any specific provisions they propose to address said issues in their proposed scheduling order. *Id*.

Defendants state in their response that they do not oppose coordination between this action and the related Delaware case, and that the defendants in both the Colorado case and the Delaware case are committed to cooperate in the interests of all parties. Docket No. 63 at 1.  Plaintiff identifies several issues–inspections, participation in discovery, and choice of law–in his motion but does not request any specific form of relief to resolve these issues or identify any opposition that he has faced to coordinated discovery on these issues from defendants.  Neither does plaintiff identify any authority under which this Court could issue an order that is effective as to the parties in the District of Delaware litigation.  Accordingly, the Court finds that plaintiff has not shown that an order coordinating discovery with the related District of Delaware case is proper, or that such an order is warranted at this time.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Coordinate [Docket No. 58] is **DENIED**.

DATED January 15, 2016.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge